UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  

Firm ID 11-2671938  
Pres. Date: 12/29/15 9:30 a.m.

------------------------------------------------------------x

In Re:

Motor Parkway Enterprises, Inc.,

Debtor.

------------------------------------------------------------x

Chapter 11

Case No.: 14-75667-AST

## NOTICE OF PRESENTMENT OF OBJECTION TO CLAIM

SIR/MADAM:

**PLEASE TAKE NOTICE** that an order will be presented for signature before the Honorable Alan S. Trust, United States Bankruptcy Judge, in his courtroom 960, United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on **December 29, 2015 @ 9:30 a.m.** The proposed order will seek an order disallowing claims as specifically set forth in the application annexed and in compliance with Bankruptcy Rule 3007, together with such other and further relief as this court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Order must be in writing and filed with the Clerk of the Court, United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, Central Islip, New York, 11722, (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-242), which may be accessed (with a password which is available by contacting the Bankruptcy Court's technical assistance at 631-712-6200, Monday through Friday, 8:30 a.m. to 5:00 p.m. ) through the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the

1

objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASC II) format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a), (b), or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Alan S. Trust, and served so as to be received by Macco & Stern, LLP., 135 Pinelawn Road, Suite 120S, Melville, New York 11747, Attn: Cooper J. Macco, Esq. no later than **December 23, 2015 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that if no objections are received the Court may enter an order granting the relief sought without further notice or hearing. In the event that objections are timely received by the Court, the Court will schedule a hearing to consider the objections at a date and time to be determined by the Court.

**PLEASE TAKE FURTHER NOTICE** that in the event that timely objections are filed the Court shall conduct a hearing on a date to be determined by the Court.

Dated: Melville, New York
       November 23, 2015

                                    MACCO & STERN, LLP.
                                    Attorneys for the Debtors

                                    By:   /s/ Michael J. Macco
                                         MICHAEL J. MACCO
                                         135 Pinelawn Road, Suite 120S
                                         Melville, NY  11747
                                         (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Case No. 14-75667 (AST)

Motor Parkway Enterprises, Inc.,                                 Chapter 11

                                    Debtor
-----------------------------------------------------------x

## DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM

Motor Parkway Enterprises, Inc. (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through its counsel, Macco & Stern, LLP, hereby moves the Court for an order disallowing the proof of claim assigned claim number 9 (the "Claim") filed by Garber Brothers, Inc. (the "Claimant"), and respectfully sets forth as follows:

## BACKGROUND

1. The Court has jurisdiction to consider this motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for relief are §502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007.1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

## BACKGROUND

2. On December 24, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On March 12, 2015, Claimant filed the Claim in the secured amount of $2,381,357.31 (the "Claim Amount"). A copy of the Claim is annexed hereto as **Exhibit A**.

4. The Debtor has continued to operate its business as a debtor-in-possession under Bankruptcy Code §§1107 and 1108. To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors.

### OBJECTION

5. Pursuant to Bankruptcy Code §502(b):

> [I]f . . . an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> (2) Such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law for a reason other than such claim is contingent or unliquidated . . .

6. Bankruptcy Code §506 states, in relevant part, that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of such creditor's interest in the estate's interest in such property . . . and an unsecured claim to the extent that the value . . . is less than the amount of such allowed claim . . . ." Bankruptcy Code §506(a)(1).

7. Additionally, pursuant to Bankruptcy Rule 3007(a), "[a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing."

8. The Debtor and the Claimant did not engage in business prior to the Petition Date.

9. Based on the Debtor's books and records, the Debtor owes Claimant nothing.

10. Additionally, the invoice support provided in the Claim does not include outstanding invoices from the Debtor.

11.   Based on the foregoing, the Debtor believes the Claimant's claim should be disallowed in its entirety.

12.   No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request the Court enter an order disallowing the Claim and granting such further and different relief as the Court deems just and proper.

Dated: November __, 2015
       Melville, NY

MACCO & STERN, LLP
Attorneys for the Debtors

By: _____
Michael J. Macco
A Member of the Firm
135 Pinelawn Road, Suite 120 South
Melville, New York 11747
(631) 549-7900