UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

In re:                                                    Case No. 14-75667 (AST)

Motor Parkway Enterprises, Inc.,                          Chapter 11

                                    Debtor
---------------------------------------------------------------- x

## DEBTOR'S PLAN OF REORGANIZATION

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") proposes to pay creditors of Motor Parkway Enterprises, Inc. (the "Debtor") from the continued operation of its business.

This Plan provides for one (1) class of unsecured creditors and one (1) class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately twelve ($.12) cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one. If you do not have an attorney, you may wish to consult one.**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class 1: | Frank Keshtgar |
| 2.02 | Class 2: | NYCX Claim |
| 2.03 | Class 3: | Secured Claims |
| 2.04 | Class 4: | Wage Claims |
| 2.05 | Class 5: | General Unsecured Claims |
| 2.06 | Class 6: | Equity Interests |

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, UST FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.    Under Bankruptcy Code §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    Administrative Expense Claims.    Each holder of an administrative expense claim allowed under Bankruptcy Code §503 will be paid in full on the effective date of the Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims.    Each holder a priority tax claim will be paid pursuant to Bankruptcy Code §1129(a)(9)(C).

3.04    United States Trustee Fees.    All fees required to be paid pursuant to 28 U.S.C. §1930(a)(6) will accrue and be timely paid until the case is closed, dismissed, or converted to a case under another chapter of the Bankruptcy Code.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and Interests shall be treated as follows under the Plan:

| Class Number | Description | Impairment | Treatment |
|---|---|---|---|
| 1 | Frank Keshtgar | Impaired | Paid in full, amortized at four and one-half (4.5%) percent over one hundred twenty (120) months commencing thirty (30) days after confirmation of the Plan. |
| 2 | NYCX | Impaired | Paid $950,000 as follows: (1) $100,000 upon confirmation of the Plan; and (2) $850,000 amortized at four and one-half (4.5%) percent over one hundred twenty (120) months commencing thirty (30) days after confirmation of the Plan ($8,809.26/month), with a balloon payment due at the end of seven (7) years. No payment shall be made on the unsecured portion of the claim held by NYCX. However, NYCX has a full reservation of rights to assert the full claim amount against non-debtor entities. An event of default occurs if the Debtor: (i) fails to make a payment to NYCX (above); (ii) defaults under the Plan; (iii) defaults to BP Products North America |

| | | | |
|---|---|---|---|
| | | | (the franchisor), Simco Management (the landlord), or a taxing authority; and (iv) fails to confirm a plan on or before March 31, 2016. A default that is uncured shall constitute an event of default against all related entities operating a gas station, including, but not limited to, Holbrook Development Corp., Case No. 14-75671 (AST), and may trigger a sales process. |
| 3 | Secured Claims | Impaired | Maintain a lien on the collateral in the amount of the value of the collateral securing the lien not otherwise encumbered, and any and all deficiency shall be treated as a general unsecure claim. |
| 4 | Wage Claims | Not Impaired | Paid in full on the Effective Date. |
| 5 | General Unsecured Claims | Impaired | Receive a distribution of twelve (12%) percent of their allowed claim, to be distributed as follows: (1) two (2%) percent on the effective date of the Plan; and (2) two (2%) percent every twelve (12) months thereafter for a period of five (5) years. |
| 6 | Equity Interests | Impaired | Shall receive no cash or other property and their interests in the Debtor shall be cancelled. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.    A disputed claim is a claim that has not been allowed or disallowed and, as to which, either: (ii) a proof of claim has not been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent or unliquidated.

5.02    Delay of Distribution of a Disputed Claim.    No distribution will be made on account of a disputed claim unless such claim is allowed.

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with Court approval in compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### ARTICLE VI
### PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and unexpired leases, effective upon the effective date of the Plan as provided for in Article VII:

i.    On or about September 1, 2009, Debtor entered into a written lease agreement with Simco Management, c/o 1520 Colin Development LLC, 1520 Northern Boulevard, Manhasset, NY 11030, whereby the Debtor lease non-residential real property located at, and known as, 260 Motor Parkway, Brentwood, NY 11717 (the "Lease"). By order, dated July 16, 2015, the Court approved the Debtor's assumption of the Lease pursuant to Bankruptcy Code §365.

ii.    On or about July 1, 2011, Debtor entered into a Dealer Supply Agreement, along with related agreements, with BP Products North America, Inc. wherein the Debtor agreed to act as a reseller of BP's trademarked motor fuels and other products (collectively, the "BP Franchise Agreement").

iii.    On or about March 26, 2009, the Debtor entered into a Business Conversion Franchise Agreement, and related agreements with 7-Eleven, Inc., wherein the Debtor agreed to operate a 7-Eleven Franchise (collectively, the "7-Eleven Franchise Agreement").

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a), above, or before the date of the order confirming this Plan, upon the effective date of Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than ten (10) days after the date of the order confirming this Plan.

### ARTICLE VII
### MEANS FOR IMPLEMENTATION OF THE PLAN

Payments and distributions under the Plan will be funded by the Debtor's post-petition operations.  It is estimated that there is $162,868 needed by the Debtor upon confirmation of Plan, plus an additional $145,935 per year for distributions under the Plan.  Based upon its operations, the Debtor can make payments under the Plan.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    <u>Definitions and Rules of Construction.</u>  The definitions and rules of construction set forth in Bankruptcy Code §§101 and 102 shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan, as supplemented by the terms defined herein.

8.02    <u>Effective Date of the Plan.</u>  The effective date of this Plan is the eleventh (11th) business day following the date of the entry of the order confirming this Plan.  However, if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    <u>Binding Effect.</u> The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    <u>Captions.</u> The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law, including the Bankruptcy Code or the Bankruptcy Rules, the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan.

8.07    <u>Corporate Governance.</u> The debtor shall be prohibited until completion of all plan payments from issuing non-voting equity securities, transfer all or a substantial part of property of the estate to one or more entities nor manage or consolidate the debtor corporation.

8.08    <u>Vesting</u>.  All assets of the Debtor shall re-vest in the Debtor upon confirmation.

## ARTICLE IX
## DISCHARGE

9.01    Discharge. On the confirmation date of this Plan (the "Confirmation Date"), the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in Bankruptcy Code §1141(d)(1)(A), except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in Bankruptcy Code §1141(d)(6)(A) if a timely complaint was filed in accordance with Bankruptcy Rule 4007(c); or (iii) of a kind specified in Bankruptcy Code §1141(d)(6)(B).

## ARTICLE X
## RETENTION OF JURISDICTION

10.01    The Court shall retain jurisdiction of these proceedings following the Confirmation Date for the following purposes:

(a)    to hear and determine any objections to the allowance of Claims;

(b)    to determine any and all applications for compensation for professional persons and similar fees;

(c)    to determine any and all pending applications for the rejection or assumption of executory contracts, for rejection or assumption and assignment of same where Debtor is a party or may be liable, and to hear, determine, and liquidate (if applicable), any and all resulting claims;

(d)    to determine any and all applications, adversary proceedings, and contested or litigated matters properly before the Court and pending on the Confirmation Date;

(e)    to modify the Plan pursuant to Bankruptcy Code §1127 to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code;

(f)    to hear and determined all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement or implementation of the Plan;

(g)    to hear and determine all controversies, suits and disputes, if any, as may arise

(h)    with regard to orders of this Court in the chapter 11 case entered on or before the Confirmation Date;

(i)    to adjudicate all controversies concerning the classification of any claim or equity interest;

(j)     to liquidate damages in connection with any disputed, contingent or unliquidated Claims;

(k)     to adjudicate all claims to a security or ownership interest in any property of the Debtor or in any proceeds thereof;

(l)     to adjudicate all claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtor during the pendency of the chapter 11 case;

(m)     to recover all assets and properties of the Debtor wherever located, including the prosecution and adjudication of all causes of action available to the Debtor as of the Confirmation Date;

(n)     to determine all questions and disputes regarding recovery of and entitlement to the Debtor's assets and determine all Claims and disputes between the Debtor and any other entity, whether or not subject to an action pending as of the Confirmation Date;

(o)     to enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Court may deem necessary or appropriate;

(p)     to enter an order of consummation or final decree concluding and terminating the chapter 11 case; and

(q)     to make such orders as shall be necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof.

## ARTICLE XI
## EVENT OF DEFAULT

11.01  Only the occurrence of either of the following shall constitute a default by the Debtor under the Plan:

(a) The failure of the Debtor to make any payment when due under the Plan, which failure shall have been uncured for a period of thirty (30) days after the Debtor's receipt of written notice thereof unless such payment has been extended in accordance with the provisions of the Plan; and

(b) The failure of the Debtor to comply with any of the specific covenants contained in the Plan, except for default in payment as provided in paragraph 11.02 above, which failure shall remain uncured for a period of thirty (30) days after the Debtor has received written notice of such failure.

Dated: November 24, 2015

**MOTOR PARKWAY
ENTERPRISES, INC.**
Debtor and Debtor-In-Possession


By:    _s/ Steven Keshtgar_____
Steven Keshtgar
President


**MACCO & STERN, LLP**
Attorneys for the Debtor


By:    _s/ Michael J. Macco_____
Michael J. Macco
135 Pinelawn Road, Suite 120 South
Melville, New York 11747
(631) 549-7900