# EXHIBIT A

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | Eastern District of New York | **PROOF OF CLAIM** |

Name of Debtor: Motor Parkway Enterprises, Inc.

Case Number: 8-14-75667-ast

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Sohail Muhammad

Name and address where notices should be sent:
33 County Line Road
Farmingdale, NY 11735

Telephone number: (516) 225-1119   email: sohail_khanhk@yahoo.com

Name and address where payment should be sent (if different from above):

Telephone number:   email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**   $ _____157,354.16_____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Unpaid Wages
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:**
_____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

**Value of Property:** $_____

**Annual Interest Rate** _____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$_____12,475.00

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)

7. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (See instruction #7, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:** (See instruction #8.)

Check the appropriate box.

☒ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Sohail Muhammad
Title:
Company:
Address and telephone number (if different from notice address above):
33 County Line Road
Farmingdale, NY 11735

(Signature)    (Date) 4/3/15

Telephone number: (516) 225-1119    email: sohail_khankh@yahoo.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest, and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# ATTACHMENT TO PROOF OF CLAIM OF SOHAIL MUHAMMAD

## I. Facts

Sohail Muhammad ("Muhammad") worked as a cashier at several gas station locations owned by Medford Development Corporation ("Medford"), Motor Parkway Enterprises, Inc. ("Motor Parkway"), Airport Development Corporation ("Airport"), Oceanside Enterprises, Inc. ("Oceanside"), Islip Development Corporation ("Islip"), and Wheeler Development Corporation ("Wheeler," and collectively with Medford, Motor Parkway, Airport, Oceanside, and Islip, the "Debtor") from approximately 2006 through January 23, 2015. The Debtor's mailing address is 701 W. Montauk Highway Bayshore, NY 11706. Muhammad submits this proof of claim against Medford, Motor Parkway, Airport, Oceanside, Islip, and Wheeler, which are jointly and severally liable to Muhammad, in an amount of at least **$157,354.16** in unpaid wages and liquidated damages for claims from on or about January 1, 2012 to December 24, 2014.[1] Muhammad is also entitled to attorneys' fees and costs under both state and federal law and prejudgment interest pursuant to N.Y. C.P.L.R. § 5001. Mr. Muhammad has similar and related claims against non-debtor third parties. Mr. Muhammad also has post-petition claims for his work from December 25, 2014 to January 23, 2015 in the amount of **$16,100.94**.

In violation of New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"), Medford: (1) failed to pay Muhammad his earned wages, correct overtime compensation, and spread of hours pay for those days in which he worked over 10 hours from start to finish; (2) failed to provide Muhammad with a wage notice in English and Muhammad's primary language, Urdu, on or before February first of each subsequent year of employment including information such as the rate of pay, any allowances claimed as part of the minimum wage, and notice of deductions; and (3) failed to provide Muhammad with a statement with every payment of wages, listing dates of work covered by the payment of wages, rates of pay per day, gross wages, deductions, and net wages. 29 U.S.C. §§ 206(a), 207(a); N.Y. Labor Law §§ 190, 193, 195, 198(1-a), 652(1); 12 N.Y.C.R.R. § 142-2.1, § 142-2.2, 142-2.4. Discovery of the Debtor's records will be necessary to quantify the wages the Debtor owes to Muhammad precisely.

At the start of his employment, Muhammad worked solely as a cashier for Oceanside Enterprises, Inc. On or about January 1, 2012 he was promoted. With this promotion, his primary duties included driving each day to approximately 14 gas station locations, collecting cash, and making deposits. He kept a log for Debtor called a "Daily Cash Deposit Detail" sheet. Mr. Muhammad typically worked 6 days per week for 12 hours per day, totaling approximately 72 hours per week. Debtor usually paid Muhammad in two separate payments each week: one payment for $175 and one for $850. The $850 payment indicated Muhammad's hourly rate was $8.00 and his overtime rate was $12.00. The $175 payment was paid to Muhammad by check

---

[1] Mr. Muhammad started working for the Debtor sometime in 2006 and stopped working on January 23, 2015, but the calculations begin on January 1, 2012, when Mr. Muhammad's unpaid wage claims began, and end on December 24, 2014 (the date the Debtor filed for bankruptcy). Post-petition unpaid wages from December 25, 2014 to Mr. Muhammad's last day of work, January 23, 2015, will be claimed by motion and pursued as an administrative expense according to 11 U.S.C. § 503.

1

and printed as his "salary." In reality, this divided payment system served as a way for Debtor to provide Muhammad with a higher rate than minimum wage, while avoiding payment of a higher overtime rate. Therefore, based on his $1,025 weekly wage for a 72-hour work week, Muhammad's actual hourly wage was $14.24 and his actual overtime rate was $21.36. Given these figures, Muhammad should have been paid $1,253.12 per week by Medford, rather than $1,025. Accordingly, Muhammad is owed $228.12 per week in unpaid wages from January 1, 2012 to October 3, 2014 (144 weeks), totaling $32,849.28.

From on or about October 4, 2014 through December 24, 2014, Muhammad did not receive his full wages, despite continuing to work 72 hours per week. From October 4, 2014 to on or about December 12, 2013 (approximately 10 weeks), Muhammad received only $175 per week. From December 13, 2014 to December 24, 2014, Muhammad was not paid any wages. For this last period, Muhammad is still owed $13,287.44 in hourly and overtime wages.

Both federal and state law allow for liquidated damages in addition to unpaid wages, in the amount of 100% of the unpaid wages in the case of federal law, and in the amount of 100% under New York state law. 29 U.S.C. § 216(b); N.Y. Labor Law § 663. Both statutes also allow for the recovery of attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Labor Law §§ 198, 663. Finally, unless otherwise provided by statute, New York allows for 9% interest on any sum awarded pursuant to N.Y. C.P.L.R. § 5004.

## II. Quantification of Categories and Damages

*Minimum Wage, Overtime Pay and Liquidated Damages*

Although these estimates could be quantified in much more detail upon receipt of discovery from the Debtor, Muhammad is owed roughly $32,849.28 in wage and overtime pay from January 1, 2012 to October 3, 2014 (144 weeks). This is calculated by first determining Muhammad's weekly wage and overtime rate. Muhammad's weekly wage is determined by multiplying his actual hourly rate of $14.24 by 40 hours. Muhammad's weekly overtime rate is determined by multiplying his actual hourly rate of $14.24 by time-and-a-half multiplied by the number of hours over 40 that Muhammad worked per week. Next, the weekly wage rate is added to the weekly overtime rate to determine Muhammad's total weekly rate. The total weekly rate is then multiplied by 144 weeks, from which the amount Muhammad was actually paid is subtracted. For example:

January 1, 2012 to October 3, 2014: $32,849.28 (wage and overtime pay owed)
*Calculations*:
- $14.24 (actual wage rate) x 40 hours = $569.60 (required weekly wage pay)
- $14.24 (actual wage rate) x 1.5 = $21.36 (overtime rate) x 32 overtime hours = $683.52 (required weekly overtime)
- $569.60 (required weekly wage) + $683.52 (required weekly overtime) = $1,253.12 (required total weekly rate)
- $1,253.12 (required total weekly rate) x 144 weeks = $180,449.28 (required total)
- $1,025 (rate Debtor paid per week) x 144 weeks = $147,600 (total amount paid)
- $180,449.28 (required total) - $147,600 (total amount paid) = $32,849.28 (amount owed)

2

Additionally, for the period from October 4, 2014 to December 24, 2014, Muhammad was only paid $175 a week for 10 weeks, for a total of $1,750. However, he should have been paid $1,253.12 in wage and overtime pay for approximately 12 weeks during this period. Muhammad is owed roughly $18,299.92 in wage and overtime pay from October 4, 2014 to December 24, 2014. This is calculated by subtracting the total Muhammad was actually paid from the amount Muhammad was required to be paid in wages and overtime for this period. For example:

October 4, 2014 to December 24, 2014: $13,287.44 (wage and overtime pay owed)
*Calculations*:
- $1,253.12 (required total weekly rate) x 12 weeks = $15,037.44 (required total)
- $175 (amount Debtor paid per week) x 10 weeks = $1,750 (total amount paid)
- $15,037.44 (required total) - $1,750 (total amount paid) = $13,287.44 (amount owed)

Total Unpaid Wages and Overtime Owed: $46,136.72
(January 1, 2012 to December 24, 2014)

The liquidated damages are 200% of $46,136.72, and therefore amount to $92,273.44. An employee can recover both federal liquidated damages, which are designed to compensate for the delay in payment, and state liquidated damages, which are "punitive in nature." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 264 (S.D.N.Y. 2008).

*Spread of Hours Pay and Liquidated Damages*

Although these estimates could be quantified in much better detail upon receipt of discovery from the Debtor, Muhammad is owed roughly $ in spread of hours pay. This is calculated by multiplying the applicable minimum wage rate for the relevant years by the number of shifts each week in which Muhammad worked more than ten hours from start to finish. For example:

January 1, 2012 – December 30, 2013: $4,524 (spread-of-hours-pay owed)
- 6 (days/week of shifts over ten hours) x $7.25/hour (minimum wage rate) x 104 weeks = $4,524

December 31, 2013 – December 24, 2014: $2,448 (spread-of-hours-pay owed)
- 6 (days/week of shifts over ten hours) x $8.00/hour (minimum wage rate) x 51 weeks = $2,448

Total Spread of Hours Pay Owed: $6,972
(January 1, 2012 to December 24, 2014)

The liquidated damages are 100% of $6,972. Therefore, the liquidated damages are an additional $6,972.

3

*Notice and Record-Keeping Violations*

Pursuant to NYLL § 198(1-d), Muhammad is entitled to $5,000 in damages for Debtor's failure to: (1) provide him with any wage notice, on or before February first of each subsequent year of employment containing information outlined in NYLL § 195(1), including information such as the rate of pay, any allowances claimed as part of the minimum wage, and notice of deductions taken as required by NYLL §§ 193, 195; and (2) provide him with a statement with every payment of wages, listing dates of work covered by the payment of wages, rates of pay per day, gross wages, deductions, and net wages as required by NYLL § 195(3).

*Attorneys' Fees, Costs, and Prejudgment Interest*

In an amount to be determined.

*Estimated Damages Overall*

| Minimum Wage and Overtime Pay | Amount Owed |
| --- | --- |
| January 1, 2012 to December 24, 2014 | $46,136.72 |
| Liquidated Damages on Minimum Wage and Overtime Pay (100% under federal law and 100% under state law) | $92,273.44 |
| **Spread of Hours Pay** | |
| January 1, 2012 to December 24, 2014 | $6,972 |
| Liquidated Damages on Spread-of-Hours Pay Owed (100% under state law) | $6,972 |
| **Notice and Record-Keeping Violations** | $5,000 |
| **TOTAL** | $157,354.16 + attorney's fees, costs, and prejudgment interest |

## III. Priority Claim

*Minimum Wage and Overtime Pay*

June 25, 2014 - December 24, 2014: $15,968.62
- $14.24 x 40 hours x 26 weeks = $14,809.60 (wages)

4

- $21.36 x 32 hours (overtime) x 26 weeks = $17.771.52 (overtime)
- $1,025 ($ actually paid per week) x 14.5 weeks + $1,750 (payment during final period) = $16,612.50 (amount paid)
- Total owed ($14,809.60 + $17,771.52) – ($16,612.50) = 15,968.62

*Spread of Hours Pay*

June 25, 2014 - December, 24 2014: $1,248
- 6 days/week of shifts over ten hours x minimum wage rate of $8.00/hour x 26 weeks = $1,248

*Notice and Record-Keeping Violations*

Wage statement violations
- 25 weeks x $100 per week = $2,500

Notice violations
- 25.7 weeks x $50 per week = $1,285

Total = $3,785

*Estimated Priority Damages Overall*

| Minimum Wage & Overtime Pay Period | Amount Owed |
|---|---|
| June 25, 2014 - December, 24 2014 | $15,968.62 |
| **Spread-of-Hours Pay Owed** | |
| June 25, 2014 - December, 24 2014 | $1,248 |
| **Notice and Record Keeping Violations** | |
| | $3,785 |
| TOTAL OWED | $21,001.62 + attorney's fees, costs, and prejudgment interest |
| MAXIMUM PRIORITY CLAIM | $12,475.00 |

The Debtor owed Muhammad unpaid wages for work performed in the 180 days before the bankruptcy filing on December 24, 2014. At the same wage rates outlined above for the final year of his employment, in the 180 days prior to the bankruptcy filing, Muhammad's unpaid

5

wages were approximately $21,001.62. Pursuant to 11 U.S.C. § 507(a)(4), this amount is more than the statutory cap, $12,475.00. Therefore, Muhammad claims $12,475.00 as a priority claim.

## IV. POST-PETITION WAGE CLAIM

*Minimum Wage and Overtime Pay*

December 25, 2014 – January 23, 2015: $5,012.48
- $1,253.12 (required total weekly rate) x 4 weeks = $5,012.48

*Spread of Hours Pay*

December 25, 2014 – December 30, 2014: $48
- 6 days of shifts over ten hours x $8.00/hour (minimum wage rate) = $48

December 31, 2014 – January 23, 2015: $183.75 (spread-of-hours-pay owed)
- 6 (days/week of shifts over ten hours) x $8.75/hour (minimum wage rate) x 3.5 weeks = $183.75

Total: $231.75

*Notice and Record-Keeping Violations*

Wage Statement Violations
December 25, 2014 - January 23, 2015: $400
4 weeks x $100.00 per week = $400

Notice Violations
December 25, 2014 - January 23, 2015: $200
4 weeks x $50.00 per week = $200

| Minimum Wage and Overtime Pay | Amount Owed |
|---|---|
| December 25, 2014 - January 23, 2015 | $5,012.48 |
| Liquidated Damages on Minimum Wage and Overtime Pay (100% under federal law and 100% under state law) | $10,024.96 |
| **Spread of Hours Pay** | |

6

| December 25, 2014 - January 23, 2015 | $231.75 |
| --- | --- |
| Liquidated Damages on Spread-of-Hours Pay Owed (100% under state law) | $231.75 |
| **Notice and Record-Keeping Violations** | $600 |
| **TOTAL WITHOUT LIQUIDATED DAMAGES** | $5,844.23 |
| **TOTAL WITH LIQUIDATED DAMAGES** | $16,100.94 |