UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

In re:                                                                              Case No. 14-75667 (AST)

Motor Parkway Enterprises, Inc.,                                       Chapter 11

                                   Debtor
----------------------------------------------------------------- x

### DEBTOR'S (1) OBJECTION TO THE MOTION OF CERTAIN EMPLOYEE CLAIMANTS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE WAGE CLAIMS; AND (2) STATEMENT OF UNDISPUTED FACTS

Motor Parkway Enterprises, Inc. (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through its attorneys, Macco & Stern, LLP, (1) objects to the *Motion of Sohail Muhammad Claimants for Allowance and Payment of Administrative Priority Wage Claims against Motor Parkway Enterprises, Inc.*, dated January 8, 2016 [Docket No. 77], filed by Sohail Muhammad (the "Claimant"), and (2) sets forth its statement of undisputed facts as the proof of claim filed by the Claimant, and respectfully sets forth as follows:

### PROCEDURAL BACKGROUND

1.      On December 24, 2014, (the "Petition Date") the Debtor and fourteen associated entities filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[1]

2.      The Debtor is authorized to operate as a debtor-in-possession under Bankruptcy Code §§1108 and 1109. To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or examiner, nor has an official committee of unsecured creditors been formed.

---

[1] The fifteen associated entities, with case numbers, are as follows: (1) Medford Development Corp., 14-75666 (AST); (2) Motor Parkway Enterprises, Inc., 14-75667 (AST); (3) Airport Development Corp., 14-75683 (AST); (4) Wheeler Development LLC, 14-75668 (AST); (5) Smithtown Development Corp., 14-75669 (AST); (6) Brentwood Development Corp., 14-75670 (AST); (7) Holbrook Development Corp., 14-75671 (AST); (8) Carman Development Corp., 14-75672 (AST); (9) Maple Avenue Hauppauge Dev. Corp., 14-75674 (AST); (10) Port Jefferson Development Corp., 14-75675 (AST); (11) Ronkonkoma Development Corp., 14-75676 (AST); (12) Islandia Development Corp., 14-75676 (AST); (13) Oceanside Enterprises Corp., 14-75678 (AST); (14) Islip Development Corp., 14-75679 (AST); and (15) Westbury Enterprises Inc., 14-75680 (AST).

3. On or about April 17, 2015, Muhammad filed a proof of claim in the Debtor's bankruptcy case, assigned proof of claim number 14, in the amount of $157,354.16, including $12,475 as a priority unsecured claims (the "Claim").

4. On or about November 9, 2015, Debtor filed objections to proofs of claim filed by certain claimants, including the Claim filed by the Claimant (the "Claim Objection") [Docket No. 44].

5. On December 24, 2015, the Claimant filed opposition to the Claim Objection [Docket No. 72].

6. On January 6, 2016, a hearing was held before the Court, whereby the Debtor was directed to contact Claimants' attorneys and submit a statement of undisputed facts as to the Claim and Claim Objections.

7. On or about January 8, 2016, the Claimant filed the aforementioned Motion.

## FACTUAL BACKGROUND

8. Since 1986, the Debtor has operated a gas station at the real property located at, and known as 260 Motor Parkway, Brentwood, New York.

**Marketing of Islandia, Inc.**

9. Steven Keshtgar ("Keshtgar") is the principal of the Debtor, as well as various other entities, including twenty (21) other gas stations (collectively, the "Keshtgar Entities").

10. Marketing of Islandia, Inc. ("Marketing") is a corporation formed by Steven Keshtgar under the laws of the State of New York.

11. Marketing was a corporation that acted a centralized manager of the income and expenses of the Keshtgar Entities, including the Debtor.

12. At all relevant times, Marketing had its own, independent staff, which was paid by Marketing directly.

13. At all relevant times, the Debtor had its own, independent staff, which was paid by the Debtor directly.

**OBJECTION TO THE MOTION AND STATEMENT OF UNDISPUTED FACTS**

14. At all relevant times, post prior to and after the Petition Date, Debtor did not employ the Claimant.

15. However, Marketing employed the Claimant directly.

16. Part of Claimant's responsibilities, as an employee of Marketing, was to travel between various gas stations owned and operated by Keshtgar, including the Debtor.

17. However, Debtor did not employ Claimant, and paid Marketing for any services provided.

18. Upon information and belief, Marketing would pay Claimant regularly, including reimbursement for mileage traveling between gas stations.

19. The application for employment submitted by Claimant was for employment by Marketing.

20. Marketing issues paystubs for the Claimant.

21. Marketing issues a W-2 for the Claimant.

22. Pursuant to the attachment to the Claim, Claimant states that he was a cashier at Oceanside Enterprises, Inc., before being promoted and required to travel between fourteen (14) gas stations collecting cash and making deposits.

23. This was not a promotion within the Debtor, but rather his terms of employment with Marketing.

24. Upon information and belief, Marketing has paid Claimant all amounts due and owing, and complied with all provisions of New York State and Federal wage and labor laws.

25. Based on the foregoing, Debtor disputes all facts relating the Claim, including that the Claimant was employed by the Debtor.

26. Furthermore, Debtor seeks an order denying the Motion and disallowing the Claim in its entirety, as previously stated in the Claim Objection.

27. Debtor and all of the other Keshtgar Entities were audited by the Department of Labor in 2007 (the "Audit").

28. After the Audit, Keshtgar installed hand scanners in the Debtor and all of the related gas station entities.

29. In order to generate payroll, employees must clock into the system by using their social security number and having their biometrics scanned by the hand scanner.

30. Due to the precise record keeping, Debtor is aware of when all employees arrive at work and clock out.

31. Payroll is generated based on the hand scanners.

32. Since the Audit, Debtor has been inspected by the Department of Labor approximately three (3) more time and found to be in compliance.

33. A similar request for relief was previously made in the Claim Objections, but the Claimant's filing of this Motion requires a response from the Debtor.

**WHEREFORE,** the Debtor respectfully requests that Court deny the Motion and disallow the Claim in its entirety, and grant such other and different relief as the Court deems just and proper.

Dated: February 2, 2016
       Islandia, New York

                                       MACCO & STERN, LLP
                                       Attorneys for the Debtor

                     By:   _____
                             Michael J. Macco
                             2950 Express Drive South, Suite 109
                             Islandia, New York 11749
                             (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                         Case No. 14-75667 (AST)

Motor Parkway Enterprises, Inc.,                                    Chapter 11

                                                   Debtor
------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
COUNTY OF SUFFOLK)s:-

      Carol Smith, being duly sworn deposes that deponent is not a party to the above-captioned action, is over the age of 18 years and resides at West Islip, New York.

      On February 2, 2016 deponent served the within DEBTOR'S (1) OBJECTION TO THE MOTION OF CERTAIN EMPLOYEE CLAIMANTS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE WAGE CLAIMS; AND (2) STATEMENT OF UNDISPUTED FACTS upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of the same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

United States Trustee
Long Island Federal Courthouse
560 Federal Plaza – Room 560
Central Islip, NY  11722-4437

Holly Meredith Martin, Esq.
Kaye Scholer LLP
250 West 55th Street
New York, New York  10019

                                                                          /s/ Carol Smith
                                                                          Carol Smith

Sworn to before me this
2nd day of February, 2016

*/s/ Janine M. Zarrilli*
Notary Public
*Janine M. Zarrilli*
*Notary Public, State of New York*
*No. 01ZA5084708*
*Qualified in Nassau County*
*Commission Expires September 8, 2017*